UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| R. SCHORR BERMAN, JOHN W. BROWN, JEROME H. GROSSMAN, PAMELA W. MCNAMARA, ARNO A. PENZIAS, and GERHARD SCHULMEYER,<br>      Plaintiffs,<br><br>v.<br><br>STEPHEN S. GRAY, as Plan Administrator of Dehon, Inc.,<br>      Defendant. | Civil Action No.<br>04-00079-FDS |

**ORDER OF RECUSAL**

**SAYLOR, J.**

Under 28 U.S.C. § 455(a), a United States District Judge must disqualify himself from any proceeding "in which his impartiality might reasonably be questioned." For the reasons set forth herein, I have concluded that, under the totality of the circumstances, disqualification is warranted in this matter.

The debtor in the underlying bankruptcy proceeding is Dehon, Inc., which was formerly known as Arthur D. Little, Inc. ("ADL"). Prior to my appointment to the United States District Court on June 15, 2004, I was a partner in the law firm of Goodwin Procter LLP (and its predecessor, Goodwin, Procter & Hoar). ADL has been represented throughout the bankruptcy proceeding by Daniel Glosband, my former law partner, and other attorneys at Goodwin Procter. Although substantially all of the operating assets of ADL have been sold pursuant to an order of

the Bankruptcy Court, that representation has not been terminated.  Furthermore, the subject matter of this proceeding, which involves, among other things, claimed breaches of fiduciary duty and unauthorized distributions by the directors of ADL prior to the bankruptcy filing in violation of Mass. Gen. Laws ch. 156B § 61, may require the material involvement of ADL and/or Goodwin Procter at different points in the litigation process.[1]

In addition, I personally represented ADL in an unrelated matter in approximately June and July, 2002.  According to the Committee on Codes of Conduct of the Judicial Conference of the United States,

> If a former client of the judge is a party, but the litigation is totally unrelated to the earlier representation, whether recusal is required depends upon such factors as the length of time since the earlier representation ended; the nature, duration, and intensity of the earlier representation; the presence or absence of ongoing personal relationships; etc. Regardless of these factors, however, it is generally inadvisable for a judge to preside in a former client's case until at least two years after the earlier representation ended.

*Guide to Judiciary Policies and Procedures, Vol. II, Compendium* § 3.6-5 (2003) (unpublished). My representation of ADL was neither long-standing nor intense and it did not lead to ongoing personal relationships with the client.  Nonetheless, it ended almost exactly two years ago.

Taking the above circumstances together, it appears that my impartiality might reasonably be questioned were I to preside in this matter.  Accordingly, and for the foregoing reasons, I hereby disqualify myself in this proceeding pursuant to 28 U.S.C. § 455(a).

---

[1] Counsel for one of the defendants in a related case (*Stephen S. Grey v. Barnett, et al.*, 04-cv-40056-FDS), Sandra Sue McQuay, was also my law partner at Goodwin Procter & Hoar until 1996, when she joined her present law firm, Sullivan Weinstein & McQuay.  Given the substantial passage of time, that fact, standing alone, would not warrant recusal; nonetheless, it bears on the totality of circumstances in this matter suggesting that recusal is appropriate.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor
United States District Judge

Dated: July 12, 2004