# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DEHON, INC.,* | ) | Case No. 02-41045 (HJB) |
|  | ) |  |
|  | ) | (Substantively Consolidated) |
| Debtor. | ) |  |

\* The Debtor, formerly named ARTHUR D. LITTLE, INC., changed its name to Dehon, Inc. following the sale of substantially all of its operating assets pursuant to an order of the Bankruptcy Court dated April 29, 2002.

|  |  |  |
|---|---|---|
| STEPHEN S. GRAY, | ) |  |
| AS PLAN ADMINISTRATOR OF | ) | Bankruptcy Court |
| DEHON, INC., | ) | Adversary Proceeding |
|  | ) | No. 04-04287 |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | District Court |
| BRIAN BARNETT, et al., | ) | Civil Docket No. |
|  | ) | 4:04-cv-40079-JLT |
| Defendants. | ) |  |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS R. SCHORR BERMAN, JOHN W. BROWN, JEROME H. GROSSMAN, M.D., PAMELA W. MCNAMARA, ARNO A. PENZIAS, AND GERHARD SCHULMEYER'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING

Pursuant to Local Rule of the United States District Court for the District of Massachusetts 7.1(B)(2) and (D), plaintiff, Stephen S. Gray, the duly appointed administrator of Dehon, Inc. ("Plaintiff") Dehon, Inc. referred to herein as "Dehon"), by and through his undersigned counsel, hereby submits his limited opposition (the "Opposition") to defendants R. Schorr Berman, John W. Brown, Jerome H. Grossman,

M.D., Pamela W. McNamara, Arno A. Penzias and Gerhard Schulmeyer's[1] (collectively, the "Defendants") motion to withdraw the reference of the above-captioned adversary proceeding (the "Reference Motion"). In support of this Opposition, Plaintiff respectfully states as follows:

On or about February 4, 2004, Plaintiff commenced the above-captioned adversary proceeding by filing his *Complaint Against Former Directors of Dehon, Inc. to Recover Shareholder Distributions under Applicable State Law and against Certain Former Directors to Avoid and Recover Transfers of Property under 11 U.S.C. §§ 544, 547, 548, 550, 553 and Applicable State Law and to Disallow Claims under 11 U.S.C. §§ 105 and 502(d)* (the "Complaint") in the United States Bankruptcy Court for the District of Massachusetts (Western Division), seeking, among other relief, damages against twenty (20) former directors of Dehon (including Defendants) in the amount of any and all distributions authorized by the Board of Directors of Dehon or made to shareholders when Dehon was insolvent under Mass. Gen. Laws ch. 156B, § 61 and for breach of fiduciary duty.[2]

On April 7, 2004, Jill Ker Conway and Paul E. Gray, co-defendants in the above-captioned adversary proceeding, filed with this Court a similar motion to withdraw the reference (the "Conway and Gray Reference Motion"). In response, the Plaintiff filed his *Memorandum of Law in Opposition to Jill Ker Conway and Paul E. Gray's Motion to*

---

[1] In addition, co-defendant Javier Rotllant filed a joinder to the Reference Motion on October 13, 2004. This Opposition is intended also to address Defendant's joinder.

[2] Plaintiff also asserts claims against certain of the various Defendants for avoidance and recovery of transfers under sections 544, 547, 548, 550 and 553 of the Bankruptcy Code, disallowance of claims pursuant to sections 105 and 502(d) of the Bankruptcy Code, liability on distributions causing insolvency under Mass. Gen. Laws ch. 156B, § 45, unjust enrichment, and avoidance and recovery of fraudulent transfers under applicable state law.

GSDOCS-1417499-1

*Withdraw Reference and Request for Oral Argument* (the "First Response"), a true and correct copy of which is attached hereto and incorporated herein by reference as Exhibit A. The Conway and Gray Reference Motion and the First Response are currently pending before this Court at Civil Docket No. 4:04-CV-40056-JLT.

The responses and arguments set forth in the First Response apply equally here. Accordingly, the Plaintiff hereby incorporates by reference those responses and arguments set forth in the First Response to the instant Motion, including, but not limited to, the Plaintiff's argument or response (a) that Counts 1 through V of the Complaint could be considered non-core proceedings as against each of the Defendants; (b) that MLBR 9015-1(c) requires that this adversary proceeding remain in the bankruptcy court until trial; (c) that the Bankruptcy Court should be entitled to make final judgments with respect to dispositive motions, such as a motion for summary judgment, for all core claims, regardless of whether a jury trial exists with respect to such claims; (d) that this Court withdraw the entire adversary proceeding, including all counts against all defendants, for purposes of conducting the trial; and (e) that this Court should conduct a jury trial for the Defendants entitled to a jury and a bench trial for the remaining defendants.

## Request for Oral Argument

Plaintiff believes that oral argument may assist the Court in determining the outcome of this matter and, accordingly, hereby requests oral argument on the Reference Motion and this Opposition. *See* LR 7.1(D).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny or

-3-

allow the Defendants' Reference Motion to the extent set forth herein.

Dated:  October 21, 2004

/s/ Julie A. Frohlich
Julie A. Frohlich (BBO #554707)
Douglas B. Rosner (BBO #559963)
Christian J. Urbano (BBO #644471)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA  02110
Tel:    (617) 482-1776
Fax:    (617) 574-4112
drosner@goulstonstorrs.com

Counsel to the Plan Administrator

## CERTIFICATE OF SERVICE

I, Julie A. Frohlich, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on October 21, 2004.

/s/ Julie A. Frohlich
Julie A. Frohlich

GSDOCS-1417499-1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| DEHON, INC.,* | Case No. 02-41045 (HJB) |
| | (Substantively Consolidated) |
| Debtor. | |
| * The Debtor, formerly named ARTHUR D. LITTLE, INC., changed its name to Dehon, Inc. following the sale of substantially all of its operating assets pursuant to an order of the Bankruptcy Court dated April 29, 2002. | |
| STEPHEN S. GRAY, AS PLAN ADMINISTRATOR OF DEHON, INC., | Bankruptcy Court Adversary Proceeding No. 04-04287 |
| Plaintiff, | |
| v. | |
| BRIAN BARNETT, *et al.*, | District Court Civil Docket No. 4:04-CV-40056-NMG |
| Defendants. | |

## MEMORANDUM OF LAW IN OPPOSITION TO JILL KER CONWAY AND PAUL E. GRAY'S MOTION TO WITHDRAW REFERENCE AND REQUEST FOR ORAL ARGUMENT

Plaintiff, Stephen S. Gray, the duly appointed administrator of Dehon, Inc.

("Plaintiff") (Dehon, Inc. referred to herein as "Dehon"), by and through his undersigned

counsel, hereby submits his *Memorandum of Law in Opposition to Jill Ker Conway and*

*Paul E. Gray's Motion to Withdraw Reference and Request for Oral Argument* (the

"Opposition") pursuant to Local Rule of the United States District Court for the District

of Massachusetts 7.1(B)(2) and (D). In support of this Opposition, Plaintiff respectfully

states as follows:

## Background

On or about February 4, 2004, Plaintiff commenced the above-referenced adversary proceeding by filing his *Complaint Against Former Directors of Dehon, Inc. to Recover Shareholder Distributions under Applicable State Law and against Certain Former Directors to Avoid and Recover Transfers of Property under 11 U.S.C. §§ 544, 547, 548, 550, 553 and Applicable State Law and to Disallow Claims under 11 U.S.C. §§ 105 and 502(d)* (the "Complaint") in the United States Bankruptcy Court for the District of Massachusetts (Western Division), seeking, among other relief, damages against twenty (20) former directors of Dehon (including Jill Ker Conway ("Conway") and Paul E. Gray ("Gray")) in the amount of any and all distributions authorized by the Board of Directors of Dehon or made to shareholders when Dehon was insolvent under Mass. Gen. Laws ch. 156B, § 61 and for breach of fiduciary duty.[1]  On or about April 6, 2004, Conway and Gray filed the following responsive pleading and motions:

- Jill Ker Conway and Paul E. Gray's Answer to Complaint and Demand for Jury Trial;

- Jill Ker Conway and Paul E. Gray's Motion to Withdraw Reference;

- Jill Ker Conway and Paul E. Gray's Memorandum in Support of Motion to Withdraw Reference (the "Reference Motion");

- Jill Ker Conway and Paul E. Gray's Motion for Determination That Proceedings Are Non-Core; and

- Jill Ker Conway and Paul E. Gray's Memorandum in Support of Motion for Determination That Proceedings Are Non-Core (the "Core/Non-Core

---

[1] Plaintiff also asserts claims against certain of the various Defendants for avoidance and recovery of transfers under sections 544, 547, 548, 550 and 553 of the Bankruptcy Code, disallowance of claims pursuant to sections 105 and 502(d) of the Bankruptcy Code, liability on distributions causing insolvency under Mass. Gen. Laws ch. 156B, § 45, unjust enrichment, and avoidance and recovery of fraudulent transfers under applicable state law.

-2-

Motion").

On or about April 14, 2004, Plaintiff filed his *Notice of Agreement by Plan Administrator of Dehon, Inc., Jill Ker Conway and Paul E. Gray Extending the Time for the Plan Administrator of Dehon, Inc. to Respond to Certain Motions Filed by Jill Ker Conway and Paul E. Gray*, which set forth May 7, 2004 as the deadline for Plaintiff to file this Opposition. On or about April 20, 2004, the Bankruptcy Court clerk certified on the bankruptcy docket in the above-referenced adversary proceeding that it had transmitted the Reference Motion to this Court. See Docket No. 45 to Adv. Proc. No. 04-04287.

The Complaint names twenty (20) defendants, contains what should be considered core and non-core proceedings within the meaning of 28 U.S.C. § 157(b), and involves certain defendants, such as Conway and Gray, who are not entitled to a jury trial and other defendants who may be so entitled.

Conway and Gray have moved to withdraw the reference of this case to the Bankruptcy Court. Under all the relevant circumstances, Plaintiff submits that this Court should withdraw the reference *in part only* so that all pretrial matters remain with the Bankruptcy Court. See MLBR 9015-1(c). Plaintiff further submits that the Bankruptcy Court should be authorized to make final rulings on dispositive motions regarding core proceedings but should only make findings of facts and law and further provide recommendations to this Court for final determination for non-core claims. With regard to the conduct of the trial itself, Plaintiff respectfully requests that this Court defer ruling on such matters until such time as all defendants have answered, the primary procedural and substantive issues in this case have begun to take shape and, generally speaking, the case is closer to being trial ready.

Moreover, in addition to Conway and Gray, a group of five (5) other defendants

-3-

also has recently filed a motion to withdraw the reference.  Furthermore, six other (6)

Defendants reside in foreign countries and Plaintiff has not yet received confirmation that

service has been affected through their respective country's central authority for service

of process pursuant to the Hague Convention.  Accordingly, Plaintiff requests that the

Court rule on these withdrawal of reference issues all at once and for the entire adversary

proceeding, and consider deferring hearing the instant Reference Motion until all

Defendants have been served and given a reasonable opportunity to be heard on this

matter.

### Legal Argument

**A.     Plaintiff Does Not Dispute That Counts I to V Could Be Considered Non-Core Proceedings As Against Conway and Gray.**

Conway and Gray argue in their Core/Non-Core Motion that the claims against

them for breach of fiduciary duty and violation of Mass. Gen. Laws ch. 156B, § 61 in

connection with prepetition distributions to shareholders authorized by Dehon's Board of

Directors between June 1999 and July 2000 while Conway and Gray were directors

(Counts I – V), are non-core proceedings.  Based on the authorities set forth in the

Core/Non-Core Motion, Plaintiff does not dispute that Counts I – V could be considered

non-core proceedings as against Defendants Conway and Gray.  See Ralls v. Docktor Pet

Center, Inc., 177 B.R. 420, 425 (D. Mass. 1995) (noting that the core/non-core

determination is made on a claim-by-claim basis); Official Comm. of Unsecured

Creditors of Integrated Health Services, Inc. v. Elkins (In re Integrated Health Services,

Inc.), 291 B.R. 615, 619 (D. Del. 2003) (holding that claim against debtor's current and

former officers and directors for breach of fiduciary duty was a non-core proceeding);

Hudgins v. Shah (In re Systems Eng. & Energy Mgmt. Assoc.), 252 B.R. 635 (Bankr.

-4-

E.D. Va. 2000) (holding that claims against debtor's former director and officer for breach of fiduciary duty and unauthorized distributions to shareholders were non-core claims); <u>Mellon v. Delaware & Hudson Rwy. Co. (In re Delaware & Hudson Rwy. Co.)</u>, 122 B.R. 887, 894 (D. Del. 1991) (holding that claims against directors for declaration of unlawful dividends and breach of fiduciary duty were non-core claims where they ceased prior to the bankruptcy filing).

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and Gray may be considered non-core claims, the outcome of this adversary proceeding (including Counts I – V) remains integral to the bankruptcy case. The outcome of this adversary proceeding will affect the liquidation of Dehon's estate, insofar as (a) Conway and Gray have filed proofs of claim against the estate and seek recovery thereby of a pro rata share of the estate *res*; and (b) Conway and Gray may have setoff rights associated with any judgment in favor of Plaintiff and against Conway and Gray in this adversary proceeding. For these reasons, as referenced below, Conway and Gray would not be entitled to a jury trial in this adversary proceeding.

**B.      MLBR 9015-1(c) Requires That This Adversary Proceeding Remain in the Bankruptcy Court until Trial.**

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and Gray could be considered non-core claims, this adversary proceeding must remain in the Bankruptcy Court until trial regardless of whether the reference is withdrawn with respect to the counts against Conway and Gray (or the other Defendants). <u>See</u> MLBR 9015-1(c). Indeed, Massachusetts Local Bankruptcy Rule 9015-1(c) *mandates* that pretrial proceedings remain in the Bankruptcy Court:

> The bankruptcy judge may conduct a jury trial pursuant to 28 U.S.C. § 157(e) if the right to a jury trial applies and a timely demand has been

-5-

made, provided that the parties file a pleading entitled "Joint Statement of Consent to Jury Trial in the Bankruptcy Court" no later than the date established by the Court for the filing of the Joint Pretrial Memorandum pursuant to MLBR 7016-1 or such other time as the Court may fix. If the parties do not file the Joint Statement of Consent to Jury Trial in the Bankruptcy Court, *the Bankruptcy Court shall conduct all pretrial proceedings and thereafter transfer the case or proceeding to the appropriate United States District Court for trial.*

(Emphasis added.) See Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.),

266 B.R. 1, 6 (Bankr. D. Mass. 2001) (Boroff, J.) (noting that the District Court (Gorton,

J.) agreed to withdraw the reference but ordered that "all pretrial matters [be] resolved in

the Bankruptcy Court pursuant to MLBR 9015-1(c)"); but see id. at 7 (holding that the

Bankruptcy Court cannot render summary judgment on non-core claims notwithstanding

MLBR 9015-1(c)). MLBR 9015-1(c) is entirely consistent with 28 U.S.C. § 157(d),

which states that "[t]he district court may withdraw, *in whole or in part*, any case or

proceeding referred [to the bankruptcy court] under this section, on its own motion or on

timely motion of a party, for cause shown." (Emphasis added.) Accordingly, regardless

of whether the reference is withdrawn with respect to Plaintiff's non-core claims against

Conway and Gray, the entire adversary proceeding, including all counts against all

defendants, must remain in the Bankruptcy Court until trial.

Moreover, the Bankruptcy Court should be entitled to make final judgments with

respect to dispositive motions, such as a motion for summary judgment, for all core

claims, regardless of whether a jury trial exists with respect to such claims. See

Spookyworld, 266 B.R. at 6. Courts have made clear that because the bankruptcy court is

usually the most experienced with administering core bankruptcy matters such as the

avoidance and recovery of preferential or fraudulent transfers pursuant to chapter V of

the Bankruptcy Code, as well as most knowledgeable regarding the particulars of the

-6-

underlying bankruptcy case, judicial economy is advanced by not taking the case from

the bankruptcy court prior to the need for a jury. See, e.g., In re Meinan, 232 B.R. 827,

832 (Bankr. W.D. Pa. 1999) (noting that the "bankruptcy court can, at least in core

proceedings, rule on dispositive motions, such as summary judgment motion[s], without

depriving a party of his or her jury trial right") (internal citations omitted).  With respect

to pretrial dispositive motions affecting the non-core claims, the Bankruptcy Court should

be entitled to propose findings of fact and law and provide recommendations to this Court

as to the disposition of the former, in conformity with 28 U.S.C. § 157(c)(1).  See

Spookyworld, 266 B.R. at 11.

**C.    Plaintiff Does Not Object to Conway and Gray's Request to Withdraw the
        Reference But Submits That the Court Should Withdraw the Entire
        Adversary Proceeding, Including All Counts against All Defendants, for
        Purposes of Conducting the Trial.**

Plaintiff does not object to Conway and Gray's request to withdraw the reference,

but respectfully submits that the reference should be withdrawn for the entire adversary

proceeding, including all counts against all Defendants, for purposes of conducting the

trial.  Conway and Gray have argued that the interest of judicial economy supports

withdrawal of the reference as against them.  See Reference Motion, at 3-4.  Withdrawal

of the reference as against Conway and Gray only would add to the burden of two

separate courts' dockets, tax the financial resources of the estate and the creditors if

certain of the Defendants were entitled to withdraw the reference while other Defendants

who failed to move to withdraw had their Counts tried before the Bankruptcy Court, and

could very likely result in inconsistent rulings on various factual and legal matters,

causing a great deal of confusion for all of the parties involved.  Courts have cautioned

against withdrawing the reference if such problems are likely to occur.  See Gray v.

-7-

Solvay Polymers, Inc. (In re Dooley Plastic Co., Inc.), 182 B.R. 73 (D. Mass. 1994). "In determining cause [to withdraw the reference], the district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." Id. at 81 (quoting United States v. Kaplan, 146 B.R. 500, 502-3 (D. Mass. 1992)); see also Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985).

In Congress Credit Corp. v. AJC Int'l, Inc., 42 F.3d 686 (1st Cir. 1994), for example, the First Circuit instructed the district court to withdraw a core preference action pending in the bankruptcy court for consolidation with a non-core diversity lien action. As the First Circuit explained:

> We direct use of § 157(d) not because of any fault on the part of the bankruptcy court, but because bringing preference claims into the district court will allow all facets of these controversies affecting the same property and the same defendants to be disposed of by one tribunal having undoubted jurisdiction and authority.

Id. at 691. "[I]t would waste the resources of both parties and the judiciary to split this proceeding and litigate these issues in two separate forums." In re Almacs, 202 B.R. 648, 659 (D.R.I. 1996). See also 1800 Postcards, Inc. v. Morel, 153 F. Supp.2d 359, 367 (S.D.N.Y. 2001) (holding that it was appropriate to withdraw the fraudulent transfer claim, notwithstanding that it was core, "in the interest of efficiency" given the "overlapping of facts, transactions, and issues"); In re Green, 200 B.R. 296, 299 (S.D.N.Y. 1996) (withdrawing the reference to entire adversary proceeding in light of decision to withdraw reference of one non-core complaint within proceeding; to permit proceedings in two separate forums "would cause unnecessary delay and deplete both judicial resources and the assets of the bankrupt estate").

-8-

None of these goals is promoted by severing this case into multiple proceedings in multiple forums by withdrawing the reference for some Defendants on some of the Counts. Given the existence of core and non-core claims and the fact that certain Defendants are entitled to jury trials and others are not, Plaintiff requests, in the event this Court should decide to withdraw the reference (subject to the caveats regarding pretrial matters), that it withdraw the reference as to the entire case, keeping all of the Defendants and all of the Counts (both core and non-core) together in one proceeding.

**D.    This Court Should Conduct a Jury Trial for the Defendants Entitled to a Jury and a Bench Trial for the Remaining Defendants.**

Certain of the Defendants in this adversary proceeding may be entitled to a jury trial, while others may not. Depending on the nature of the claim, for those Defendants who did not file a proof of claim against the estate or a counterclaim in this adversary proceeding,[2] and who requested a jury trial in their respective answer, they may be entitled to a jury trial. For those Defendants who have submitted to the equitable jurisdiction of the bankruptcy court because they filed a proof of claim against the estate, filed a counterclaim in this adversary proceeding, or failed to request a jury trial, however, this Court should conduct a bench trial, consistent with the United States Supreme Court holdings of <u>Langenkamp v. C.A. Culp</u>, 498 U.S. 42 (1990), <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), and <u>Katchen v. Landy</u>, 382 U.S. 323 (1966), as discussed below.

Notwithstanding that Plaintiff concedes that Counts I – V as against Conway and

---

[2] Courts have recognized that permissive or compulsory counterclaims filed in an adversary proceeding brought by the estate's representative subjects the defendant to the equitable jurisdiction of the bankruptcy court such that they are not entitled to a jury trial. <u>See, e.g.</u>, <u>Northeastern Graphic Supply, Inc. v. Net 2 Press, Inc. (In re Northeastern Graphic Supply, Inc.)</u>, 2003 WL 22848944 *4-5 (Bankr. D. Me. Dec. 2, 2003) (citing cases).

Gray could be considered non-core and that Plaintiff does not contest the withdrawal of
the reference for purposes of trial on the suggested conditions set forth herein, Plaintiff
disputes that Conway and Gray are entitled to a jury trial on these counts.  Both Conway
and Gray filed proofs of claim against the estate, and, accordingly, Conway and Gray do
not have the right to a jury trial.  (A true and correct copy of each proof of claim is
attached hereto and incorporated herein by reference, collectively as Exhibit A.)

The United States Supreme Court has held that the filing of a proof of claim
against a bankruptcy estate brings the claimant within the equitable jurisdiction of the
bankruptcy court and thereby terminates jury trial rights.  See Langenkamp, 498 U.S. at
45 (creditors not entitled to jury trial on trustee's preference action where claimants had
filed claim against bankruptcy estate); Granfinanciera, 492 U.S. at 58-59, and n.14
(holding that by filing a claim against a bankruptcy estate the creditor triggers the process
of "allowance and disallowance of claims," thereby subjecting the claimant/defendant to
the bankruptcy court's equitable power); see also Katchen v. Landy, 382 U.S. 323 (1966)
(holding under the Bankruptcy Act of 1898 that defendant who filed a claim against the
bankruptcy estate had no jury trial right in a suit by trustee to recover preferential
transfers).  While certain lower courts have taken a somewhat narrow view of the
Supreme Court's holdings in this regard[3], at least one bankruptcy court in the First
Circuit has ruled in a manner consistent with the broad pronouncements of Langenkamp,
Granfinanciera and Katchen.  See, e.g., Micron Separations, Inc. v. Pall Corp., Inc. (In re

---

[3] See, e.g., Germain v. Connecticut Nat'l Bank, 988 F.2d 1323 (2nd Cir 1993) (stating that in order for a
claim against the estate to result in a loss of jury trial rights, the claim must be "inextricably intertwined
with a public right; the 'involvement' may not be casual or vague"); RDM Sports Group, Inc. v. Equitex,
Inc. (In re RDM Sports Group, Inc.), 260 B.R. 915, 925 (Bankr. N.D. Ga. 2001) (no waiver of jury trial
rights on three of four claims only incidentally related to the bankruptcy case).

GSDOCS-1355579-3

Micron Separations, Inc.), 220 B.R. 733, 734 (Bankr. D. Mass. 1997) (Queenan, J.)
(holding that defendant was not entitled to jury trial because, *inter alia*, it had filed claims
in the bankruptcy proceeding, and "[t]he filing of a proof of claim brings a claimant
within the equitable jurisdiction of the bankruptcy court, terminating jury trial rights").
This Court should also follow Langenkamp, Granfinanciera and Katchen and hold that
Conway and Gray have submitted to the equitable jurisdiction of the bankruptcy court
and, accordingly, have waived their right to a jury trial. Id. at 734.

        In this case, the proofs of claim filed by Conway and Gray assert a right to receive
an aggregate amount of over $500,000.00 from the bankruptcy estate based on various
deferred compensation accumulated during service as former directors of Dehon.  In
seeking a pro-rata portion of the estate *res*, Conway and Gray have submitted to the
equitable jurisdiction of the bankruptcy court, converting their at-law right to a jury trial
on Counts I – V to that of an equitable case to be determined by a bench trial.
Furthermore, the filing of the proofs of claim may have permitted Conway and Gray to
preserve their setoff rights as against any judgment in this adversary proceeding.  For
these reasons, the adversary proceeding becomes part of the claims-allowance process
and is integral to the restructuring of the debtor-creditor relationship through the
Bankruptcy Court's equitable jurisdiction.

## Request for Oral Argument

        Plaintiff believes that oral argument may assist the Court in determining the
outcome of this matter and, accordingly, hereby requests oral argument on the Reference
Motion and this Opposition.  See LR 7.1(D).

## Conclusion

As referenced in the Introduction, only some of the Defendants have been served in this case. As any action on this Reference Motion will affect the Defendants who have not yet appeared, the prudent course is to defer hearing of the Reference Motion until all Defendants have been served and given a reasonable opportunity to be heard on this matter. Nevertheless, if the Court decides to hear and act on the Reference Motion prior to the appearance of all Defendants, then for the reasons set forth herein, Plaintiff respectfully requests that this Court enter an order either (a) denying the Motion without prejudice until such time as the matter is ready for trial; or (b) withdrawing only the trial portion of the reference and leaving the Bankruptcy Court to preside over the pretrial portion of this adversary proceeding pursuant to MLBR 9015-1(c) with respect to *all defendants and all counts (core or non-core)*, with the authority to make final rulings on all pretrial dispositive motions for core counts and to make findings of facts and law and further provide recommendations to this Court for final determination on all dispositive motions for non-core counts. Plaintiff further requests that such order provide that this Court shall conduct a jury trial for those Defendants who qualify for the same and a bench trial for those Defendants who do not.

Dated:  May 7, 2004

/s/ Julie A. Frohlich
Julie A. Frohlich (BBO #554707)
Douglas B. Rosner (BBO #559963)
Christian J. Urbano (BBO #644471)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA  02110
Tel:    (617) 482-1776
Fax:    (617) 574-4112
drosner@goulstonstorrs.com

Counsel to the Plan Administrator

-12-

## **CERTIFICATE OF SERVICE**

I, Julie A. Frohlich, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail on May 7, 2004.

/s/ Julie A. Frohlich
Julie A. Frohlich

-13-

# EXHIBIT A



33001

## UNITED STATES BANKRUPTCY COURT - DISTRICT OF MASSACHUSETTS

In re: Arthur D. Little, Inc., et al.    Case No. 02-41045-hjb    Chapter 11

### PROOF OF CLAIM

| Name of Debtor Against Which Claim Is Held: | Case No. of Debtor: |
|---|---|
| Arthur D. Little, Inc. | 02-41045-HJB |

THIS SPACE IS FOR COURT USE ONLY

**Name of Creditor** (The person or other entity to whom the Debtor owes money or property):

102742
Jill K. Conway
65 Commonwealth Avenue, Apt. 8B
Boston, MA 02116 USA

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if your address differs from the address on this form.

**Name and address where notices should be sent** (if different from above):

Jill K. Conway
c/o Whittum & Leahy
Ten McGrath Highway
Quincy, MA 02169

Account or other number by which debtor identifies creditor
102742

Telephone number ( 6 1 7 ) 3 2 8 - 1 5 9 5

Check Here:
If this claim ☐ replaces ☐ amends a previously filed claim dated ___/___/___

**1. Basis for claim:**
☐ Other ___
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury / wrongful death
☐ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out following)

Unpaid compensation for services performed (MM/DD/YY)
From 0 1 / 0 1 / 8 2 To 0 6 / 3 0 / 0 0

Your Social Security # 0 1 9 - 3 6 - 2 8 3 1

**2. Date Debt was incurred (MM/DD/YY)**
0 6 / 3 0 / 0 0

**3. If Court Judgment, date obtained: (MM/DD/YY)**
___/___/___

**4. Total Amount of Claim at Time Case Filed (February 5, 2002):**
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.

$ 2 2 5 2 7 9 . 0 0

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real estate
☐ Motor vehicle
☐ Other ___

Value of Collateral $ ___

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ ___

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
$ ___
Amount entitled to priority

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650,* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUL - 8 2002
THE ALTMAN GROUP, INC.

Date (MM/DD/YY)
0 7 / ___ / 0 2

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

*Jill Conway*
Jill K. Conway

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571.

Arthur D. Little, Inc., et al.
Case No. 02-41045 - 02-41051 (HJB)

Claim 00719

FROM : JKC    JUN 19 '02 02:47PM    PHONE NO. : 617 262 4614    Jun. 18 2002 04:14PM P7

Moore, Courtney (WFCS-SD S[: 584)

| | |
|---|---|
| From: | gallo.s@adlittle.com[SMTP:gallo.s@adlittle.com] |
| Sent: | Monday, August 14, 2000 1:27 PM |
| To: | Courtney_Moore@ml.com |
| Cc: | kerconway@aol.com |
| Subject: | Jill K. Conway |

Per your request, set forth below is a summary of Jill Conway's accounts in the various ADL plan. As you can see, all of Jill's accounts are reflected in shares or units of ADL stock. The values shown are based on the 12/31/99 $7.00 share price. A new share price as of 6 30/00 is anticipated to be announced this week which will impact the value of the account.

Please call me after you have had a chance to review this.

JILL K. CONWAY

| PLAN | SHARES | PRICE PER SHARE | TOTAL VALUE |
|---|---|---|---|
| Director's Deferred Compensation $ 39,478. | 5,640 | | $7.00 per share |
| Dividend Reinvestment Plan $ 427. | 61 | | $7.00 per share |
| Director's Stock Purchase Plan $ 29,750. | 4,250 | | $7.00 per share |
| Deferred Retainer $155,624. | 22,232 | | $7.00 per share |
| | 32,183 | | $225,279. |

**** This message is from Arthur D. Little, Inc., and/or one of Arthur D. Little's subsidiaries or affiliates and may contain confidential business information. It is intended for the addressee only and may not be copied without our permission. If you are not the intended recipient please contact the sender as soon as possible. ****

Page 1



33001

**UNITED STATES BANKRUPTCY COURT - DISTRICT OF MASSACHUSETTS**

In re: Arthur D. Little, Inc., et al.    Case No. 02-41045-hjb    Chapter 11

| PROOF OF CLAIM |
|---|

Name of Debtor Against Which Claim is Held:

Case No. of Debtor:

THIS SPACE IS FOR COURT USE ONLY

Name of Creditor (The person or other entity to whom the Debtor owes money or property):

102581
Paul E. Gray
100 Memorial Drive, Apt. 11-19A
Boston, MA 02142 USA

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if your address differs from the address on this form.

Name and address where notices should be sent (if different from above):

Account or other number by which debtor identifies creditor    102581

Telephone number ( 6 1 7 ) 2 5 3 - 0 0 6 4

Check Here:
If this claim ☐ replaces ☐ amends    a previously filed claim    dated ___/___/___

1. **Basis for claim**
☐ Goods sold    ☐ Other ___
☐ Services performed
☐ Money loaned
☐ Personal injury / wrongful death
☐ Taxes
☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out following)

THE AMOUNT IN 4/ BELOW IS $328,080.77

Unpaid compensation for services performed (MM/DD/YY)
From 3 / 1 7 8    To 6 / 3 0 / 0 0    Your Social Security # 1 4 8 - 2 4 - 8 1 0 4

2. **Date Debt was Incurred (MM/DD/YY)**
6 / 3 0 / 0 0

3. If Court Judgment, date obtained: (MM/DD/YY)
___/___/___

4. **Total Amount of Claim at Time Case Filed (February 5, 2002):**
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.    $ 3 2 8 , 0 8 0 . 7 7

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real estate
☐ Motor vehicle
☐ Other ___

Value of Collateral
$ ___

Amount of arrearage and other charges at time case filed included in secured claim, if any:
$ ___

6. **Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim
$ ___    Amount entitled to priority

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUN - 7 2002
THE ALTMAN GROUP, INC.

Date (MM/DD/YY)
6 / 0 4 / 0 2

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*Paul E Gray* [signature]

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Arthur D. Little, Inc., et al.
Case No. 02-41045 - 02-41051 (HJB)
Claim# 00443

**Paul E. Gray**
**100 Memorial Drive, Apt. 11-4A**
**Cambridge, Mass.  02142**

June 4, 2002

To whom it may concern:

This claim is based on deferred compensation
(the Independent Directors' Retirement Plan adopted April
17, 1987) accumulated during 22 years of service as an
ADL director, which terminated on June 4, 2000.

Attached are four related documents:

1) The most recent (I believe) amendment of that plan.

2) An email establishing the value of my interest in that
plan.

3) A clarifying email.

4) A copy of my letter of resignation.

This plan started a cash-based plan. Sometime in 1999 it
was terminated for new directors and the accumulated cash
was converted to stock. In June 2000 the stock in my
account was converted to cash on the basis of the Jan 1,
2000 stock value. The amount on the claim form should
have been paid to me in July 2000.

Paul E. Gray

9/23/94

## Summary of Independent Directors' Compensation Plan

**Effective July 1, 1994**

**Retainer:**  $17,500

**Meeting Fee:**  $1,500 for each meeting of the Board of Directors, or of any formally constituted committee of the Board, attended.

**Committee Chairperson:**  $5,000 annual payment for each committee chairperson of any formally constituted committee of the Board.

**Payment**

a) Effective July 1, 1994, the increase in annual retainer from $13,000 to $17,500 will be paid in cash or deferred in interest bearing account.

b) Effective January 1, 1995 for those directors owning 2,500 shares or more of company stock, all payments may be received either in cash or deferred into an interest bearing account or deferred in company stock in Trust.

c) Effective January 1, 1995 for those directors owning less than 2,500 shares of company stock, $4,500 of retainer amount will automatically be deferred in company stock in Trust. The balance of any payments may be received in cash, deferred in interest bearing account, or deferred in company stock in Trust.

d) With respect to any amounts deferred, a director may receive these amounts in a lump sum or annual installments following termination of service from the Board.

**Retirement:**  An unfunded liability will be accrued for each director as follows:

a) $13,000 multiplied by the number of years or fractions (quarters) served up to June 30, 1994.

b) An amount equal to the retainer in effect during each quarter served beginning July 1, 1994.

## Arthur D Little

On retirement from the Board of Directors, a director will specify payment of the amount accrued:

a)   in a lump sum,

b)   over a period of years to be specified by the recipient, and in the event of death, with any undistributed balance to be paid to a designated beneficiary or beneficiaries,

payment to be made or to commence on the first day of the month following the director's 72nd birthday.

**Interest Bearing Account:**    Beginning January 1, 1995, the interest accrued will be equal to the annual return earned by the Capital Conservation Fund of the MDT.

**Arthur D Little**

01/12/01   16:39 FAX 617 498 7116                                                         ☒002

Mail for Juliet McDevitt        2)

**Arthur D Little**

Juliet McDevitt
01/02/2001 12:12 PM

Title: Corp International Specialist
Office & Dept: Cambridge, MA    Legal
Phone & Location: 617-498-5697   25/425A

To:      pogo@MIT.edu
cc:

Subject:  Paul Gray - ADL Directors Compensation

Dear Professor Gray,

I tried to call you at MIT last Friday (December 29th).

I am the Corporate and International Specialist in ADL's Legal Department. I assist General Counsel with Board of Directors' matters.

I was asked by Kim Driscoll to find out the balance of your stock account and communicate the figures to you.

The figures are given below:

Termed between 1/1/00 and 6/30/00

*MAURA JOYCE
498 5198*

| | Shares | Share price | 6/30/00 value | DCN | Total available for payout |
|---|---|---|---|---|---|
| ✓ DCP | 40,009.85 | $8.20 | $328,060.77 | | $328,060.77 |
| DSP | 4,000.00 | $8.32 | $33,262.40 | $201.66 | $33,060.74 |
| Total | 44,009.85 | | | | $361,141.51 |

You will be contacted further when payments out are to be made.

Please do not hesitate to call me on: 617-498-5697 if you require any further information.

Sincerely,

Juliet McDevitt

**3)**

**<joyce.maura@adlittle.com>,**1/24/01 12:00 PM -0500,Re: Arthur D. Little Board of Direc        1

```
            To: <joyce.maura@adlittle.com>
          From: Paul Gray <pogo@mit.edu>
       Subject: Re: Arthur D. Little Board of Directors
            Cc:
           Bcc:
X-Attachments:
```

>Hi Paul,
>It was a pleasure speaking with you yesterday.  I hope you understood the
>voice mail that I left you after we spoke; explaining that the shares you
>acquired when your retirement account was converted to stock were not in
>the July proxy balance you referenced.  Rather, the transaction to convert
>your retirement account to shares occurred in August 2000, but was
>effective as of December 31, 1999.
>
>I would like to follow up on another item we discussed in our conversation.
>You mentioned that you retired from the board in July, 2000.  Based on you
>resignation letter, which was dated in June, we have you retiring from the
>board as of June 30, 2000.  This means that you will be paid out using the
>December 31, 2000 share value.
>
>If you have any additional questions, please let me know.  I may be reached
>directly at 617.498.5198.
>
>Best regards,
>Maura
>
>**** This message is from Arthur D. Little, Inc., and/or one of
>Arthur D. Little's subsidiaries or affiliates and may contain
>confidential business information. It is intended for the addressee
>only and may not be copied without our permission. If you are not
>the intended recipient please contact the sender as soon as possible.****

Maura - Thank you. I do understand the voice mail, and that apparent difference is resolved.

With reference to the date of retirement, as you know, my letter was effective on June 30. However,
because the shareholders' meeting was delayed from the usual mid-June date until July, Gerhard
Schulmeyer said I was still a director until that meeting. In fact, my last activity for ADL was
chairing a Governance and Nomination Committee meeting sometime in June. I believe I left the board on
6/30/00, and am glad to be included in that cohort. (Jill Ker Conway left at the same time.)

Paul

p.s. - Please let me know what the 12/31/00 share value is when it is announced.

4)

*FILE COPY*

**Paul E. Gray**
**100 Memorial Drive, Apt. 11-4A**
**Cambridge, Mass. 02142**

June 30, 2000

Mr. Gerhard Schulmeyer, Chairman
Arthur D. Little, Inc.
Acorn Park
Cambridge, MA

Dear Gerhard:

I hereby submit my resignation from the board of the Company, thus bringing to an end more than 22 years service to ADL as a director.

This has been an experience of much learning for me, and I have greatly enjoyed the associations the board provided, all the way back to General James Gavin.

I wish you well in your service as Chairman during what is certain to be a period of rapid and fruitful change at ADL.

Sincerely,

Paul E. Gray

XC: Samuel J. Gallo